IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER TRAJUAN COUSINS,<br>     ID # 58564-177,<br>          Movant, | )<br>)<br>) | |
| | ) | No. 3:23-CV-792-S-BH |
| vs. | ) | No. 3:18-CR-0223-S(2) |
| | ) | |
| UNITED STATES OF AMERICA,<br>          Respondent. | )<br>) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on April 13, 2023 (doc. 1), should be **DENIED** with prejudice as barred by the statute of limitations.

**I.     BACKGROUND**

Christopher Trajuan Cousins (Movant) was charged by indictment on September 26, 2018, with one count of conspiracy to interfere with commerce by robbery in violation of 18 U.S.C. § 1951(a) (Count One), and two counts of interference with commerce by robbery in violation of 18 U.S.C. §§ 1951(a) (Counts Two and Three).  (*See* doc. 18.)[2]  He pled guilty to Count One of the indictment on October 1, 2019, under a plea agreement.  (*See* docs. 52, 54.)  By judgment dated May 10, 2021, he was sentenced to 165 months' imprisonment, to run consecutively to any sentence imposed in an unrelated state probation revocation proceeding, and concurrently to any sentence imposed in a related state court proceeding.  (*See* doc. 84 at 1-2.)  His federal term of imprisonment was to be followed by a three-year term of supervised release.  (*See id.* at 3.)  Movant

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, No. 3:18-CR-223-S(2).

did not appeal his conviction or sentence.

In his § 2255 motion, Movant raises one ground for relief: "Illegal Sentence." (No. 3:23-CV-792-S-BH, doc. 1 at 4.) He states that he "is filing this motion based on a New Rule of Law supported by Supreme Court Binding precedents." (*Id.*, doc. 1 at 11.)

## II. STATUTE OF LIMITATIONS

Section 2255 of Title 28 "establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct h[er] sentence under that section." *Dodd v. United States*, 545 U.S. 353, 354 (2005). It states that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Under § 2255(f)(1), Movant's conviction became final on May 24, 2021, when the fourteen-day period for appealing his criminal judgment expired. *See* Fed. R. App. P. 4(b)(1)(A)(i) (providing 14 days to appeal a criminal judgment); *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008) (holding that when a federal prisoner does not appeal a conviction, it becomes final for purposes of § 2255 upon the expiration of the time to file an appeal). He does not allege that government action prevented him from filing a § 2255 motion earlier. *See* 28 U.S.C.

§ 2255(f)(2).

Regarding § 2255(f)(3), Movant appears to rely on *Johnson v. United States*, 576 U.S. 591 (2015), and *United States v. Davis*, 139 S. Ct. 2319 (2019), to argue that his conviction for "[c]onspiracy to commit robbery under 1951(A) is no longer constitutional." (No. 3:23-CV-792-S-BH, doc. 2 at 2.)  The Supreme Court held in *Johnson* and *Davis*, respectively, that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), and the residual clause of 18 U.S.C. § 924(c)(3)(B) were unconstitutionally vague. *See Johnson*, 576 U.S. at 606; *Davis*, 139 S. Ct. at 2336.  Both holdings are retroactively available on collateral review. *See Welch v. United States*, 578 U.S. 120, 135 (2016) (holding that *Johnson* is retroactively applicable to cases on collateral review); *United States v. Reece*, 938 F.3d 630, 634-35 (5th Cir. 2019) (holding that *Davis* applies retroactively to first habeas petitions).  Movant was not convicted or sentenced under § 924, however; he was convicted and sentenced under § 1951(a). (*See* doc. 84.) The holdings of *Johnson* and *Davis* therefore have no bearing on his conviction and sentence, and do not apply to his § 2255 motion.[3]

Movant's claim that his sentence was illegal became known or could have become known through the exercise of due diligence prior to the date his conviction became final.  Because the date his conviction became final is the latest date under § 2255(f), the one-year statute of limitations began to run from that date, May 24, 2021.  Movant did not file his § 2255 motion until nearly two years later, so it is untimely in the absence of equitable tolling or an applicable exception to the limitations period.

---

[3] Even if the decisions in *Johnson* and *Davis* were applicable to Movant's conviction and sentence, *Johnson* was decided on June 26, 2015, and *Davis* was decided on June 24, 2019, so any timely habeas action relying on them must have been brought by June 26, 2016, for *Johnson*, and June 24, 2020, for *Davis*. *See* 28 U.S.C. § 2255(f)(3).  Movant's motion was filed nearly seven and three years later, respectively.

**A.     Equitable Tolling**

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis* 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)), *abrogated on other grounds by Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). In the context of a habeas petition filed by a state prisoner, the Supreme Court has stated that a habeas petitioner is entitled to equitable tolling only if he shows that: (1) "he has been pursuing his rights diligently," and (2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). Movant bears the burden to show entitlement to equitable tolling. *See, e.g.*, *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Movant provides no basis for equitably tolling the limitations period. Because he has not met his burden to establish circumstances warranting equitable tolling, his § 2255 motion should be denied as untimely.

4

B.   **<u>Actual Innocence</u>**

In *McQuiggin v. Perkins*, 569 U.S. 383, 386-92 (2013), the Supreme Court held that even where a habeas petitioner has failed to demonstrate the due diligence required to equitably toll the statute of limitations, a plea of actual innocence can overcome the one-year statute of limitations under the "miscarriage of justice" exception to a procedural bar.  A tenable actual innocence claim must persuade a district court that it is more likely than not that no rational fact-finder would have found the movant guilty beyond a reasonable doubt in light of the newly discovered evidence and the evidence presented at trial.  *Floyd v. Vannoy*, 894 F.3d 143, 155 (5th Cir. 2018) (citing *McQuiggin*, 569 U.S. at 386).  The untimeliness of a plea of actual innocence does bear on the credibility of the evidence offered.  *McQuiggin*, 569 U.S. at 399-400.  "[A] credible claim [of actual innocence to excuse the untimeliness of a habeas petition] must be supported by 'new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial.'"  *Floyd*, 894 F.3d at 155 (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)).  "This exception's demanding standard requires 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' . . . The standard is seldom met."  *Id.* at 154-55 (citing *McQuiggin*, 569 U.S. at 401; *House v. Bell*, 547 U.S. 518, 538 (2006)).

There is a split among district courts about whether *McQuiggin* applies to a guilty plea case, as here.  *See Thomas v. Stephens*, No. 4:13-CV-875-A, 2014 WL 929031, at *3 n.3 (N.D. Tex. Mar. 7, 2014) (citing cases).  Even if it does, Movant does not allege that he is actually innocent, and his claim does not present evidence of actual innocence.  Accordingly, he cannot

overcome the applicable AEDPA limitations period on the basis of actual innocence. His § 2255 motion should be denied as untimely.

### III. RECOMMENDATION

The *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on April 13, 2023 (doc. 1), should be **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED this 17th day of April, 2023.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE